UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Tony Alan Akehurst,

Plaintiff,

vs. REPORT AND RECOMMENDATION

Rob Mundt,
Warden, FCI-Waseca,

Defendant. Civ. No. 01-574 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 9th day of April, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendant.[1]

---

[1]The Plaintiff actually filed a Petition under Title 28 U.S.C. §2241 with the Court. However, it is apparent from the Petition that he is not contesting the fact that he is in custody, but rather a condition of his custody. See, Petition for Writ of Habeas Corpus Persons in Federal Custody Under Title 28 U.S.C. (continued...)

(3)

FILED APR 09 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

For reasons which follow, we recommend that the Complaint be dismissed, as frivolous, and that the Plaintiff's Application to Proceed in forma pauperis be denied, as moot.

## II. Factual and Procedural Background

On April 3, 2001, the Plaintiff filed a Complaint with the Clerk of Court, together with an Application to Proceed in forma pauperis. His Complaint, which is directed against the Warden of the Federal Correctional Institution in Waseca, Minnesota, relates that "there is an obvious fire hazard in the E-Unit Basement living area at FCI-Waseca." Specifically, the Complaint alleges that the Warden has placed bunks in the television rooms and the hallways, thereby providing little area to walk in case of a fire. Moreover, such a situation has allegedly increased tension among inmates resulting in increased physical altercations and increased problems for staff. The Plaintiff did attempt to address the claim by pursuing an administrative remedy, but was advised that the living situation does not violated either the Bureau of Prison's Program Statement 1602.03, or the National Fire Code. Therefore, his

[1](...continued)
Section 2241, at 3 ("This is a complaint in regard to unsafe prison conditions"). Therefore, his claim is properly brought under the doctrine enunciated in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), rather than Title 28 U.S.C. §2241 Petition. However, instead of dismissing the Petition, as not contesting the custody of the Plaintiff, we will address the claim as a Bivens action.

administrative appeal was denied. Notably, the Plaintiff has failed to identify any statute or constitutional right which has been violated.

III. Discussion

A. Standard of Review. Pursuant to Congressional directive, as well as the preexisting law of this Circuit, actions which have been provisionally commenced in conjunction with an Application to proceed in forma pauperis, are to be immediately reviewed -- prior to the service of the process, and prior to a decision on whether to grant in forma pauperis standing -- for possible dismissal for frivolousness, pursuant to Section 1915(e)(2)(B)(i). See, Title 28 U.S.C. §1915(a); see also, Ross v. Social Security Admin., 949 F.2d 1021, 1022 (8th Cir. 1991); see also, Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994), citing Gentile v. Missouri Dept. of Corrections, 986 F.2d 214 (8th Cir. 1993).[2]

[2]Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces Section 1915(d), which authorized the dismissal of an in forma pauperis complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 317, 325 (1989)(holding that a Complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (Section 1915(e)(2)(B)(I)), but also where it "fails to state a claim on which relief may be granted" (Section 1915(e) (2) (B) (ii)).

(continued...)

When it first extended the right to proceed in forma pauperis, Congress "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because * * * poverty makes it impossible * * * to pay or secure the costs of litigation." Denton v. Hernandez, 504 U.S. 25, 31 (1992) [internal quotations and citations omitted]. At the same time, "Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Id. [internal quotations and citations omitted]. Therefore, Congress, as discussed above, has instructed us to sua sponte dismiss any in forma pauperis application, whose underlying complaint is frivolous.[3]

---

[2](...continued)
With the enactment of Section 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, as a matter of indulgence, we address the Plaintiff's claim under the more lenient "frivolous" standard, and we find that the Plaintiff has not advanced "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

[3]Section 1915(e)(2) now states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that

(continued...)

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Ross v. Social Security Admin., supra. Expressed somewhat more fully, "section 1915 dismissals should be made only where it is determined the lawsuit is baseless and that the plaintiff cannot make any rational argument in law or fact entitling him to relief." Williams v. White, supra at 944. In this reviewing process, pro se complaints must be liberally construed and a dismissal is warranted, only if the face of the complaint shows some insuperable bar to relief. See, Denton v. Hernandez, 504 U.S. 25, 32 (1992); Haines v. Kerner, 404 U.S. 519, 520 (1972); Munz v. Parr, 758 F.2d 1254, 1258 (8th Cir. 1985). Sua sponte dismissals are disfavored. See, Divers v. Department of Corrections, 921 F.2d 191, 193 (8th Cir. 1990); Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988). In a close case, the Trial Court should permit the claim to proceed at least to the point where responsive pleadings are required. Neitzke v. Williams, supra at 323; Williams v. White, supra at 943.

---

[3](...continued)
(A) the allegation of poverty is untrue; or
(B) the action or appeal-
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

In a sua sponte review of a Complaint under Section 1915(e)(2)(i), the Court must assume the task of dissecting the Complaint and of eliminating mere rhetoric and legal or factual conclusions, in order to rationally determine if there are any sound factual allegations that will constitute a claim upon which relief can be granted on a legally arguable basis. Cf., White v. Bloom, 621 F.2d 276 (8th Cir. 1980).

Accordingly, we now review the Plaintiff's Complaint, with the focus of our inquiry being directed by the provisions of Section 1915(e)(2)(B)(i), in order to determine if this action can survive the test of frivolousness. See, Williams v. White, 897 F.2d 942, 944 n. 1 (8th Cir. 1990).

B. Legal Analysis. With these precepts in mind, we find the Plaintiff's claim to be frivolous. The Plaintiff has already been advised by the Prison officials that the housing situation in the Prison does not violate the National Fire Code, or the Bureau of Prison's regulations. Moreover, he has identified no other statutory or constitutional basis on which to advance his claim. While the Plaintiff regards the placement of the bunk beds, which are here at issue, to jeopardize his safety from fire, his Complaint alleges that the bunk beds are hazardously situated because they are only three feet distant from adjoining walls, and could hinder a rapid exit in the presence of a fire. We are aware of no

provision of the Constitution, Federal Statute, Federal Regulation, or Treaty, which requires more than three feet of space between a bunk bed and any adjoining structure, and the Plaintiff has drawn none to our attention. As a result, we are obliged to recommend that his Complaint be dismissed, as frivolous, pursuant to Title 28 U.S.C. §1915(e)(2) (B)(i), and that his Application to Proceed in forma pauperis be denied as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Plaintiff's Complaint [Docket No. 1] be dismissed as frivolous, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(i), and that his Application to proceed in forma pauperis [Docket No. 2] be denied as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 26, 2001,** a

writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 26, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.

•

Bridgid Dowdal, Esq.
US Attorney
600 US Courthouse
300 4th St S
Mpls, MN 55415

Case:0:01-cr-00047

------------------------------

------------------------------

Katherian D Roe, Esq.
Federal Public Defender
300 4th St S Ste 107
Mpls, MN 55415

Case:0:01-cr-00047

-----------------------------

-----------------------------