**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

TONY ALAN AKEHURST, Civil No. 01-574 (JRT/RLE)

Plaintiff,

v. **MEMORANDUM OPINION AND ORDER**

ROB MUNDT, FCI-WASECA, Warden,

Defendant.

---

Tony Akehurst, #08876-041, Federal Correctional Institution, P.O. Box 1500, White Deer, Pennsylvania, 17887, *pro se*.

Plaintiff Tony Alan Akehurst, a federal prisoner formerly incarcerated at the Federal Correctional Facility in Waseca, Minnesota, brings this action under 28 U.S.C. § 2241. Specifically, plaintiff alleges unsafe prison conditions in the Waseca facility resulting from the placement of bunk beds in the prison hallways that limit the available walking space in case of fire. Additionally, he alleges an increase in tension among inmates and increased problems for the staff resulting from the limited space.

This matter is before the Court on plaintiff's objections to the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson, recommending that plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and that his application to proceed *in forma pauperis* be denied as

FILED ... 4 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ... 2 4 2002
DEPUTY CLERK

moot. The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. L.R. 72.1(c)(2). Because plaintiff has been transferred to a different facility from the one in which his complaint arises, the Court concludes that plaintiff's claim for injunctive relief to improve prison conditions is moot and accordingly dismisses the action on this basis.

## BACKGROUND

While incarcerated at the federal correctional institution in Waseca, Minnesota, plaintiff asserts that the former warden, Richard Stiff, placed bunk beds in the television room and hallways of the E Unit basement living area. Although the current warden and defendant, Rob Mundt, has removed the bunk beds from the television room, the bunk beds in the hallways remain. Plaintiff maintains that because there is only three feet of space between the bunk beds and the wall, the safety of the inmates would be compromised in the event of a fire. He also asserts that the limited space has created tension among inmates and increased problems for the staff.

Plaintiff first addressed this claim by seeking an administrative remedy through the Administrator of National Inmate Appeals and the North Central Regional Director of the Federal Bureau of Prisons. Plaintiff's requests for relocating the bunk beds were denied on both occasions. Plaintiff was informed that the location of the bunk beds poses no increased hazard to inmates in the area and does not violate the Bureau of Prison's Program Statement 1602.03 or the National Fire Code. Significantly, plaintiff has not identified any statute or constitutional right which has been violated.

This matter came before the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) on plaintiff's application to proceed *in forma pauperis*. Upon review of plaintiff's petition, the Magistrate Judge correctly determined that because plaintiff does not challenge the fact that he is in custody but rather a condition of his custody, plaintiff's claim falls under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than § 2241.[1] Rather than dismiss the petition on this basis, the Magistrate Judge proceeded to address plaintiff's claim as a *Bivens* action. Upon such review, the Magistrate Judge concluded that plaintiff has not advanced any rational argument in law or fact entitling him to relief. Accordingly, he recommended that plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and that his application to proceed *in forma pauperis* be denied as moot.

Plaintiff objects to the Magistrate Judge's recommendation that his complaint be dismissed as frivolous and claims that he has stated a claim for which relief can be granted. Plaintiff also emphasizes that he is not seeking monetary damages, but rather is requesting injunctive relief.

---

[1] Many courts have reached the same conclusion. *Merritt v. Pugh,* No. 00-1129, 2000 WL 770577 at *1 (10th Cir. June 15, 2000) (noting magistrate judge's determination that petitioner's challenges to the conditions of his confinement do not belong in a § 2241 action, but should be brought under *Bivens*); *Falcon v. United States Bureau of Prison*s, 52 F.3d 137, 138 (7th Cir. 1995) (if prisoner is seeking "quantum change" in the level of custody such as freedom, remedy is habeas corpus; if he is seeking a different program or location or environment, then challenge is to conditions, rather than fact, of his confinement and remedy is under civil rights law); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (challenges to the fact or duration of prisoner's confinement should be construed as a petition for habeas corpus under § 2241; complaint seeking damages or injunctive relief for civil rights violations construed as action under *Bivens*).

## ANALYSIS

### I. Mootness Due to Transfer

Upon review of this matter, the Court discovered that plaintiff has been transferred to a federal correctional facility in White Deer, Pennsylvania. The Eighth Circuit has consistently held that a prisoner's transfer to a different facility in which the alleged unlawful conduct no longer exists renders that prisoner's request for injunctive relief moot. *See Martin v. Sargent,* 780 F.2d 1334, 1336 (8th Cir. 1985); *Wycoff v. Brewer,* 572 F.2d 1260, 1262 (8th Cir. 1978); *Williams v. Moore,* No. 92-1318, 1992 WL 120398 at *1 (8th Cir. June 5, 1992) (unpublished opinion).

In *Martin,* the court dismissed plaintiff's claim for injunctive relief to improve prison conditions at the Cummins Unit because of plaintiff's transfer to the Wrightsville Unit. *Id.* at 1337. Likewise, in *Williams,* the court denied plaintiff's motion for injunctive relief requiring prison officials at the Algoa Correctional Center to take certain actions to control an outbreak of tuberculosis and provide adequate medical care as moot in light of the plaintiff's transfer to another prison facility. *See id.* at *1; *see also Wycoff,* 572 F.2d at 1262 (prisoner's transfer to Missouri State Penitentiary from Iowa State Penitentiary rendered moot plaintiff's claim for injunctive relief).

While there are circumstances in which a prisoner's transfer might not render moot a motion for injunctive relief, such circumstances are not present here. *Compare Randolph v. Rogers,* 170 F.3d 850, 856-57 (8th Cir. 1999) (plaintiff's motion for injunctive relief requesting a sign language interpreter was not rendered moot where plaintiff also sued the Missouri Department of Corrections and prisoner's transfer to

another prison facility within Missouri was still under its control). Thus, for all the foregoing reasons, the Court dismisses plaintiff's complaint as moot.

## ORDER

Based on the foregoing, the submission of the parties, and all of the files, records, and proceedings herein, the Court **DOES NOT ADOPT** the Report and Recommendation of the Magistrate Judge for the reasons stated above [Docket No. 3]. **IT IS HEREBY ORDERED** that Civil Action No. 01-574 is **DISMISSED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 23, 2002
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge